**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeffrey John Noel,<br><br>             Plaintiff,<br>vs.<br><br>Mitsubishi UFJ Financial Group Incorporated, et al.,<br><br>             Defendants. | No. CV-18-03253-PHX-SPL<br><br>**ORDER** |

Defendant MUFG Union Bank, N.A. ("MUFG") moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) (Doc. 29). The Court rules as follows.

**I.  BACKGROUND**

Plaintiff was employed as a Sanctions Compliance Analyst by American Express between June 26, 2017 and January 11, 2018 (Doc. 27 at ¶ 3.1). On April 17, 2018, Plaintiff was solicited on LinkedIn by a corporate recruiter on behalf of MUFG (Doc. 27 at ¶ 3.2). On May 16, 2018, MUFG offered Plaintiff a position as a Sanctions Escalations Analyst, subject to a background check and fingerprinting (Doc. 27 at ¶¶ 3.4, 3.6–3.7). MUFG withdrew its offer of employment upon learning that Plaintiff had pled "no contest" to a charge of home invasion in 2005 (Doc. 27 at ¶¶ 3.9–3.12). Plaintiff claims that MUFG's policy of disqualifying applicants with convictions for employment violates Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2(a)(1). Plaintiff argues that MUFG's neutral policy has a disparate impact on men, who are arrested and convicted in numbers

disproportionate to their representation in the general public (Doc. 27 at ¶¶ 3.14–3.15).

## II.  LEGAL STANDARD

Rule 12(c) of the Federal Rules of Civil Procedure permits a party to move for judgment on the pleadings once the "pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). Judgment on the pleadings is appropriate "when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co.*, 132 F.3d 526, 529 (9th Cir. 1997) (quotation omitted). Rule 12(c) motions are evaluated under the same standard as Rule 12(b)(6) motions—that is, "all allegations of material fact are assumed to be true and construed in the light most favorable to the non-moving party." *Unisource Worldwide, Inc. v. Swope*, 964 F.Supp.2d 1050, 1054 (D. Ariz. 2013). Generally, courts "may not consider materials outside the pleadings in adjudicating a Rule 12(c) motion." *Gerow v. Washington*, 383 Fed. App'x 677, 678–79 (9th Cir. 2010). Exceptions to the general rule are limited to: (1) documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading" and (2) situations where "a court may take judicial notice of 'matters of public record outside the pleadings.'" *Xcentric Ventures, L.L.C. v. Borodkin*, 934 F.Supp.2d 1125, 1134 (D. Ariz. 2013) (alteration in original) (quotation omitted).

## III.  ANALYSIS

Defendant argues that Plaintiff's claim fails as a matter of law because Plaintiff's crime barred MUFG from employing him under Section 19 of the of the Federal Deposit Insurance Act (Doc. 29 at 4–6), MUFG had a legitimate business necessity for not hiring him (Doc. 29 at 6–7), and MUFG had no obligation to file an application for a waiver on behalf of Plaintiff with the Federal Deposit Insurance Corporation ("FDIC") (Doc. 29 at 7–8).

Federal law bars "any person who has been convicted of any criminal offense involving dishonesty or a breach of trust" from becoming employed by an institution

insured by the FDIC. 12 U.S.C. § 1829(a)(1). Violations of this statute, more commonly known as Section 19, can result in fines of $1,000,000 per day, imprisonment for up to five years, or both. 12 U.S.C. § 1829(b). Disqualified persons and banking institutions wishing to hire, or continue to employ, disqualified persons may apply for waivers from the FDIC. Because MUFG is an FDIC-insured institution, it is subject to Section 19's requirements.[1]

Although not addressed explicitly by Section 19, the FDIC's Statements of Policy provide that "dishonesty" is defined as, whether directly or indirectly, "to cheat or defraud; to cheat or defraud for monetary gain or its equivalent; or wrongfully to take property belonging to another in violation of any criminal statute." Statement of Policy Pursuant to Section 19 of the Federal Deposit Insurance Act ("Statement of Policy"), 63 FR 66177-01 at *66185, 1998 WL 822873 (F.R.) (Dec. 1, 1998); *see also* Statements of Policy, Federal Deposit Insurance Corporation, available at https://www.fdic.gov/regulations/laws/rules/5000-1300.html (last visited Oct. 16, 2019).[2] "Dishonesty includes acts involving want of integrity, lack of probity, or a disposition to distort, cheat, or act deceitfully or fraudulently, and may include crimes which federal, state or local laws define as dishonest." *Id*.

Here, Plaintiff pled no contest to first degree home invasion in Michigan in October 2005 (Doc. 27 at ¶ 3.9, Exhibit 9). Michigan law provides as follows:

> A person who breaks and enters a dwelling with intent to commit a felony, larceny, or assault in the dwelling, a person

---

[1] The Court takes judicial notice of MUFG's FDIC-insured status as permitted by Federal Rule of Evidence 201. *See* Federal Deposit Insurance Corporation, Bank Information, MUFG Union Bank, National Association (FDIC #22826), available at https://research.fdic.gov/bankfind/detail.html?bank=22826&name=MUFG%20Union%20Bank%2C%20National%20Association&searchName=MUFG&searchFdic=&city=&state=&zip=&address=&searchWithin=&activeFlag=&searchByTradename=false&tabId=2 (last visited Sept. 27, 2019); Fed. R. Evid. 201(b) (allowing a court to take judicial notice of "a fact that is not subject to reasonable dispute"); *see also Daniels–Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010) (finding it to be appropriate to take judicial notice of information made publicly available by government entities); *U.S. v. Chapel*, 41 F.3d 1338, 1342 (9th Cir. 1994) (finding the district court did not err in taking judicial notice of the federally insured status of a bank).

[2] Although the FDIC's Statements of Policy are not binding on this Court, the Court finds they are appropriately applied here. Moreover, the FDIC has the authority to interpret Section 19 and to prescribe rules and regulations necessary to carry out its responsibilities. *See* 12 U.S.C. § 1819(a).

> who enters a dwelling without permission with intent to commit a felony, larceny, or assault in the dwelling, or a person who breaks and enters a dwelling or enters a dwelling without permission and, at any time while he or she is entering, present in, or exiting the dwelling, commits a felony, larceny, or assault is guilty of home invasion in the first degree if at any time while the person is entering, present in, or exiting the dwelling either of the following circumstances exists:
>
> (a) The person is armed with a dangerous weapon.
>
> (b) Another person is lawfully present in the dwelling.

M.C.L.A. § 750.110a(2). Plaintiff explained to MUFG that he had broken into his former roommate's house and taken several items, and as a result, was charged with theft from an occupied dwelling. Because there was some confusion as to whom one of the stolen items belonged, Plaintiff ultimately pled no contest to home invasion and was sentenced to three months in jail (Doc. 27 at Exhibit 11).[3] Plaintiff has thus been convicted of a "criminal offense involving dishonesty" as it squarely falls within the FDIC's definition, which includes "wrongfully to take property belonging to another in violation of any criminal statute."

### A. Disparate Impact

At issue here, is whether Plaintiff has established a prima facie case of Title VII disparate impact, and if so, whether MUFG has failed to show a legitimate business necessity. "A prima facie case of disparate impact is usually accomplished by statistical evidence showing that an employment practice selects members of a protected class in a proportion smaller than their percentage in the pool of actual applicants." *Stout v. Potter*,

---

[3] Because Plaintiff's claims necessarily rely on his criminal history, because the authenticity of the Michigan court records are not in question, and because Plaintiff attached a background check verifying his conviction as an exhibit to the Second Amended Complaint, the Court will consider the conviction records presented in this motion. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record."); *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196-97 (3rd Cir. 1993) ("The reason that a court must convert a motion to dismiss to a summary judgment motion if it considers extraneous evidence submitted by the defense is to afford the plaintiff an opportunity to respond. When a complaint relies on a document, however, the plaintiff obviously is on notice of the contents of that document, and the need for a chance to refute evidence is greatly diminished." (internal citation omitted)).

276 F.3d 1118, 1122 (9th Cir. 2002) (internal quotation marks omitted) (citation omitted). Here, Plaintiff claims that "[m]en are arrested and convicted in numbers disproportionate to their representation in the general population." (Doc. 27 at ¶ 3.15). Even assuming Plaintiff could meet his burden to prove disparate impact, however, MUFG's "policy of summary employment exclusion following a Section 19 disqualification is a business necessity." *Williams v. Wells Fargo Bank, N.A.*, 901 F.3d 1036, 1040 (8th Cir. 2018). Failure to comply with Section 19 could place MUFG at risk of *daily* penalties of $1,000,000 as well as potential jail time. Furthermore, "any bank or other financial institution wisely would prefer for its customers to be served by employees who were not previously persons convicted of crimes of dishonesty." *Id*. (alteration omitted). Accordingly, the Court finds that MUFG's employment exclusion qualifies as a business necessity.

### B. Employment Waiver

Plaintiff further argues that MUFG failed to comply with Section 19 because it made no effort to obtain or apply for "prior written consent." Applicants, and insured institutions, may file applications with the FDIC seeking a Section 19 waiver. Such an application "provide[s] the applicant an opportunity to demonstrate that, notwithstanding the bar, a person is fit to participate in the conduct of the affairs of an insured institution without posing a risk to its safety and soundness or impairing public confidence in that institution." Statement of Policy, 63 FR 66177-01 at *66184. Contrary to Plaintiff's assertion, however, "[t]he burden is upon the *applicant* to establish that the application warrants approval." *Id*. (emphasis added). Thus MUFG "had no obligation to file an application on [Plaintiff's] behalf under Section 19." *Washington v. Steve*, No. 13-CV-343-JPS, 2013 WL 6061988, at *3 (E.D. Wis. Nov. 18, 2013). Accordingly, Plaintiff has failed to demonstrate facts that could plausibly establish MUFG's liability under Title VII.[4]

---

[4] To the extent Plaintiff argues there are unresolved issues of fact (Doc. 38 at 1–4), the Court finds those alleged issues are not material to the question of liability before the Court.

5

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Judgment on the Pleadings (Doc. 43) is **granted**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Stay (Doc. 43) is **denied as moot**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment in favor of Defendant and against Plaintiff and **terminate** this action.

Dated this 16th day of October, 2019.

Honorable Steven P. Logan
United States District Judge